UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROGELIO YOUNG,

                        Plaintiff,

     v.

EDITH PICKENS,

                        Defendant.
_____

REPORT & RECOMMENDATION

12-CV-6251CJS

**PRELIMINARY STATEMENT**

Rogelio Young ("Young"), proceeding *pro se*, initiated this lawsuit against various defendants, all of whom have since been dismissed from the action with the exception of defendant Edith Pickens ("Pickens"). (Docket ## 1, 51). The only claim remaining against her is a claim for deliberate indifference in violation of Young's constitutional rights. (Docket # 33).

By Order of the Hon. Charles J. Siragusa, United States District Judge, dated July 24, 2012, all pretrial matters in the above-captioned case were referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B), and all dispositive motions were referred to this Court for report and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(B)-(C). (Docket # 17). Currently pending before the Court is Pickens's motion for sanctions under Rules 37(b)(2)(A) and (d) of the Federal Rules of Civil Procedure, including dismissal of his claims with prejudice, as a result of Young's failure to comply with his discovery obligations and this Court's orders. (Docket # 68). Despite the issuance of a motion scheduling order setting a deadline for Young to

respond, Young has not filed any opposition papers or otherwise addressed the motion. (*See* Docket ## 69, 70).

## BACKGROUND

This action was commenced on May 7, 2012; after several motions to dismiss were litigated, Pickens filed her answer on April 17, 2015. (Docket ## 1, 52). During the intervening period, Young's prosecution of the case was characterized by repeated inattention to and disregard of his obligations, resulting in the issuance by this Court of an order to show cause why the case should not be dismissed for failure to prosecute. (*See* Docket # 24). The Court ultimately determined not to dismiss Young's case, but warned Young that "any future incidents of prosecutive delinquency or non-compliance with court-ordered deadlines or other obligations may result in sanctions, including dismissal of any or all of his claims." (Docket # 30).

Shortly after Pickens filed her answer, this Court scheduled a Rule 16 conference, which Young failed to attend. (Docket ## 53, 54). The Court rescheduled the conference for October 14, 2015. (Docket # 53). Young attended the rescheduled conference, and this Court issued a scheduling order setting deadlines for the progress of the litigation. (Docket ## 55, 56). During the conference, the Court admonished Young concerning the need to respond promptly to outstanding discovery requests propounded by Pickens. (Docket # 67 at 2). In its written scheduling order, the Court warned the parties that any failure to obey the scheduling order could result in sanctions, including dismissal of the action. (Docket # 55).

On February 29, 2016, Pickens filed a motion to compel. (Docket # 59). Despite the issuance of a motion scheduling order setting a deadline for Young to respond, Young neither filed any opposition papers nor otherwise addressed the motion. (*See* Docket ## 60, 61).

On June 3, 2016, Pickens served and filed a notice to depose Young on June 27, 2016. (Docket # 64). Young sent a letter to this Court dated June 24, 2016, the last business day before the scheduled deposition, requesting an adjournment of the deposition due to financial and familial obligations. Counsel for Pickens responded by letter indicating that she did not oppose the request for an adjournment, but requesting that the deposition be adjourned on the condition that Young provide available dates for his deposition. (Docket ## 65, 67). On June 27, 2015, this Court adjourned the deadline to conduct Young's deposition until August 31, 2016, and directed Young to provide available dates for his deposition on or before July 8, 2016. (Docket # 66). The Court advised Young that his "[f]ailure to do so may result in the imposition of sanctions, including but not limited to financial sanctions or dismissal of the action." (*Id.*).

On June 30, 2016, this Court issued a decision and order granting in part Pickens's motion to compel. (Docket # 67). In the decision, the Court noted that Pickens's discovery requests had been outstanding for nearly one year and that it had admonished Young concerning the need to respond promptly to those outstanding requests during the October 14, 2015 status conference. (*Id.* at 2). In its decision, the Court directed Young to respond to the outstanding requests on or before July 20, 2016, and again warned Young that an "unexcused failure to respond by the court-ordered deadline of July 20, 2016 may result in the imposition of sanctions, including, but not limited, to dismissal of his lawsuit." (*Id.* at 3).

According to Pickens, despite this Court's orders requiring Young to provide a list of available deposition dates by July 8, 2016, and to provide discovery responses by July 20, 2016, Young failed to do either. (Docket # 68-1 at ¶¶ 15-16). On July 29, 2016, Pickens served a new deposition notice upon Young, noticing his deposition for August 26, 2016. (Docket # 71 at ¶ 3 and Exhibit ("Ex.") A). Young evidently did not appear for his scheduled deposition or

contact defense counsel to request an adjournment. (*Id.* at ¶ 4 and Ex. B). On July 22, 2016, Pickens filed the pending motion for sanctions, arguing that Young's refusal to participate in discovery in violation of this Court's orders warrants dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure. (Docket ## 68, 71). As noted above, Young has not responded to this pending motion.

## DISCUSSION

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may issue further just orders . . . [including orders] . . . dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, a court may dismiss an action if a party fails to attend a deposition of that party. *See* Fed. R. Civ. P. 37(d).

"All litigants, including *pro ses*, have an obligation to comply with court orders," and although *pro se* litigants are generally entitled to "special solicitude," they "are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotations and brackets omitted). Rather, "[t]he severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). Nevertheless, "dismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds 'willfulness, bad faith, or any fault' by the non-compliant litigant." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d at 302 (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991)).

In evaluating the appropriateness of sanctions, including dismissal, a court should consider several factors including:

1. the willfulness of the non-compliant party or the reasons for noncompliance;

2. the efficacy of lesser sanctions;

3. the duration of the period of noncompliance[;] and

4. whether the non-compliant party had been warned of the consequences of … noncompliance.

*See Agiwal*, 555 F.3d at 302-03 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

Generally, "[a] persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith, or fault, by the noncompliant party." *Peña v. Chocolate*, 2012 WL 3957474, *3 (S.D.N.Y. 2012) (internal quotations omitted). Indeed, "dismissal pursuant to Rule 37 is appropriate 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a sanction.'" *Agiwal*, 555 F.3d at 303 (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Careful evaluation of the procedural history of this case in light of the above-described factors compels my conclusion that Young's persistent refusal to comply with his discovery obligations, despite multiple court orders and warnings that his failure to comply could result in dismissal, warrants the severe sanction of dismissal with prejudice. As an initial matter, I find that Young's delinquent and noncompliant conduct has not been isolated, but rather has characterized his prosecution of this lawsuit since its filing. As pertains to this discovery sanctions motion, the record demonstrates that Young's responses to Pickens's discovery

requests were due over one year ago. (Docket # 68-1 at ¶¶ 7-8). Despite the Court's repeated admonishments and deadlines to respond, Young still has not provided the responses. (Docket ## 55, 67). Young likewise failed to provide available dates for his deposition despite this Court's explicit order directing him to do so, failed to attend his subsequently noticed deposition, and provided no notice to Pickens or the Court of his intent not to appear. (Docket ## 66; 68-1 at ¶¶ 13, 15; 71).

Young has not explained his failure to comply with his discovery obligations or his repeated flouting of the directives of this Court. Indeed, Young has not opposed the pending motion, nor has he communicated with the Court in any manner since June 2016, approximately eight months ago, when he requested a last-minute adjournment of his first scheduled deposition. As noted above, Young has previously demonstrated a degree of inattention to his prosecutive responsibilities that caused the Court to issue an earlier order to show cause why the case should not be dismissed.

Young's repeated failure to participate in this litigation has caused undue delay in this matter, prompting multiple motions by the defendants. *Peña v. Chocolate*, 2012 WL 3957474 at *4-5 (dismissing action for failure to comply with discovery orders and failure to prosecute; "[plaintiff's] failure to respond in any way to [defendant's] discovery requests certainly prejudiced [defendant] by undermining [defendant's] ability to prepare defenses against [plaintiff's] claims") (collecting cases). Indeed, the docket demonstrates that Young has made no meaningful attempt to advance this case since Pickens filed her answer nearly two years ago. Despite this Court's repeated attempts to ensure Young's attention to his discovery obligations, Young continues to refuse to engage in the discovery process without explanation or any genuine

indication that he intends to participate.  In sum, I find that sanctions less drastic than dismissal are not likely to be effective in securing Young's compliance.

Finally, the record demonstrates that Young has been repeatedly warned that his failure to participate in discovery or to comply with this Court's orders could result in the dismissal of his claims.  (Docket ## 30, 55, 66, 67).  This Court explicitly warned Young in writing that his failure to provide discovery responses or to provide available dates for his deposition could result in dismissal of this action.  (Docket ## 66, 67).  Young ignored these warnings and continues to disregard his discovery obligations as directed by the Court.

Considering Young's unexplained delinquencies and the factors identified above, I conclude that dismissal of this action is warranted.  *See Agiwal*, 555 F.3d at 303 (court properly dismissed action where plaintiff "defied all of her orders, each of which warned of the possibility of sanctions, including dismissal"); *Valentine v. Museum of Modern Art*, 29 F.3d at 50 (sanction of dismissal appropriate where the record demonstrated plaintiff's "sustained and willful intransigence in the face of repeated and explicit warnings from the court that the refusal to comply with court orders to appear for his deposition would result in the dismissal of his action"); *Moore v. Caine*, 2016 WL 4081079, *3 (E.D.N.Y.) (dismissing action for failure to comply with discovery orders and failure to prosecute; "[p]laintiff has failed to comply with the [c]ourt's discovery order and has not contacted the [c]ourt [for approximately five months;] [p]laintiff has apparently abandoned the action[,] [and] [n]o lesser sanction than dismiss[al] is appropriate under the circumstances"), *report and recommendation adopted*, 2016 WL 4087329 (E.D.N.Y. 2016); *Aguilar v. Kirschenbaum & Phillips, P.C.*, 2012 WL 1744852, *3-4 (E.D.N.Y. 2012) (dismissing action where "plaintiff has not communicated with the [c]ourt, cooperated with his counsel, participated in any pretrial conference or taken any steps to prosecute this

action for nearly six (6) months, nor has he complied with any scheduling or pretrial order issued by th[e] [c]ourt since the inception of this case or opposed th[e] [c]ourt's order to show cause, his counsel's motion to withdraw or defendant's motion to dismiss"); *Johnson v. U.S. Dep't of Homeland Sec.*, 2011 WL 2559560, *2, 5 (N.D.N.Y.) (plaintiff's failure to participate in discovery warranted dismissal of the action), *report and recommendation adopted*, 2011 WL 2559545 (N.D.N.Y. 2011); *Cauley v. Ingram Micro, Inc.*, 220 F.R.D. 26, 29 (W.D.N.Y. 2004) (dismissing action where plaintiff failed to comply with court orders; "[h]ere, [p]lainiff has not complied with two orders of this court directing her to provide discovery, complete her deposition and to participate in an independent medical examination[;] [b]oth orders specifically warned [p]laintiff that failure to comply with the order shall subject her to serious sanctions, including dismissal of this action with prejudice"). Accordingly, I recommend that the district court dismiss this action with prejudice under Rule 37 of the Federal Rules of Civil Procedure for failure to comply with this Court's discovery orders.[1]

---

[1] Young's failure to engage in this litigation also warrants dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which permits dismissal of an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Aguilar v. Kirschenbaum & Phillips, P.C.*, 2012 WL 1744852 at *3, 5 (dismissing action pursuant to Rules 37(b) and 41(b); "[t]here is little distinction whether a dismissal is made pursuant to Rule 37(b) or Rule 41(b) of the Federal Rules of Civil Procedure"); *Johnson v. U.S. Dep't of Homeland Sec.*, 2011 WL 2559560 at *3 ("[i]n deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b)").

## **CONCLUSION**

For the foregoing reasons, this Court recommends that the district court grant Pickens's motion for sanctions (**Docket # 68**) and dismiss this action with prejudice.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
        March 2, 2017

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                    *s/Marian W. Payson*
                    MARIAN W. PAYSON
                    United States Magistrate Judge

Dated: Rochester, New York
       March 2, 2017